1  PHILIP A. DeMASSA # 47667
   PHILIP A. DeMASSA, APC
2  SUITE 201
   2356 MOORE STREET
3  San Diego, CA 92110
   Telephone:   (619) 294-2777
4  Facsimile:   (619) 294-2120
   pad_jefe@msn.com
5  Attorney for Defendant
   VICENTE MANUEL AGUIRRE

6

7               UNITED STATES DISTRICT COURT

8             SOUTHERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA,        )  CASE NO. 08CR2428 JAH
10                                   )
                  Plaintiff,         )
11                                   )  NOTICE OF MOTION AND MOTION
           v.                        )  (1) FOR DISCOVERY; (2) FOR
12                                   )  SEARCH AND DISCLOSURE OF
   VICENTE MANUEL AGUIRRE,           )  ELECTRONIC SURVEILLANCE;
13                                   )  (3) TO REVEAL INFORMATION
                  Defendant.         )  REGARDING GOVERNMENT
14                                   )  WITNESSES AND INFORMANTS;
                                     )  FOR LEAVE TO FILE
15                                   )  ADDITIONAL MOTIONS
                                     )  DATE:  August 25, 2008
16  _____ )  TIME: 8:30 a.m.

17
      TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND CAROLINE P.
18
           HAN, HER AUTHORIZED REPRESENTATIVE:
19
           PLEASE TAKE NOTICE that on August 25, at 8:30 a.m., or
20
   as soon thereafter as counsel may be heard, Defendant VICENTE
21
   MANUEL AGUIRRE, by and through his counsel, Philip A. DeMassa,
22
   of Philip A. DeMassa APC, will move the Court to enter an Order
23
   requiring the Government to comply with the attached requests
24
   for discovery and disclosure, and, in the case of tangible
25
   items, to produce for inspection and copying by the Defendant,
26
   all evidence and information in the possession, custody or
27
   control of  Government, which may be favorable to the Defendant
28
                    MOTION FOR DISCOVERY- 1

or material to the issue of guilt or innocence, or which could lead to such material or favorable evidence.

**MOTION**

Defendant VICENTE MANUEL AGUIRRE, by and through his counsel of record, and pursuant to provisions of Rules 12, 14, 16, 24 and 41 of the Federal Rules of Criminal Procedure and the 4th, 5th, 6th and 14th amendments of the United States Constitution, hereby moves this Honorable Court to order discovery of the below enumerated items:

**(A)**

**REQUESTED ITEMS OF GENERAL DISCOVERY**

1. All pre-indictment and post-indictment statements of the Defendant, whether recorded or unrecorded, oral or written, signed or unsigned, made to Government agents, which are relevant to the crimes charged, either with or without his knowledge that such persons were Government agents at the time he made said statements;

2. All pre-indictment and post-indictment statements of the Defendant whether recorded or unrecorded, oral or written, signed or unsigned made to persons other than Government agents, which are relevant to the crimes charged, and whom the Government intends to call as witnesses in this case;

3. All pre-indictment and post-indictment statements of the Defendant whether recorded or unrecorded, oral or written, signed or unsigned made to persons other than Government agents, which are relevant to the crimes charged and either exculpatory or inculpatory, whom the Government does <u>not</u> intend to call as

witnesses in this case;

4.   All documents and other tangible objects which are material to the preparation of the defense, or are intended for "use" by the Government at the trial of this case in its case-in-chief or in rebuttal, or which were obtained from or belong to the Defendant;

5.   The reports of any scientific tests, examinations, or experiments, or physical or mental examinations, or copies thereof, including, but not limited to:  (1) a statement of all material or other information or sources considered by the examiner in arriving at an opinion, the methodology used, and the findings and conclusions of the examiner, (2) a resume and curriculum vitae of the examiner's qualifications, experience, subject matter of the examiner's testimony, and prior occasions of testimony as an expert, and (3) any worksheets, photographs, notes, or other things used to assist the examiner in reaching an opinion and recording the process or methodology of reaching an opinion;

6.   The names of all persons the Government intends to call as witnesses at the trial in its case-in-chief;

7.   The names of all persons who have given relevant information to the Government about this instant case whom the Government does not intend to call as witnesses at the trial;

8.   The statements of all persons the Government expects to call as witnesses at the trial of this case;

9.   The statements of all persons having relevant information about this case, whether inculpatory or exculpatory,

1   whom the Government does not intend to call at the time of
2   trial;

3        10.  All pre-indictment and post-indictment statements
4   of alleged or non-charged co-conspirators whether or not
5   indicted, either recorded or unrecorded, oral or written, signed
6   or unsigned, made to Government agents, which are relevant to
7   the crimes charged, either with or without their knowledge that
8   such persons were Government agents at the time they made such
9   statements;

10       11.  All pre-indictment and post-indictment statements
11  of alleged or non-charged co-conspirators whether or not
12  indicted, either recorded or unrecorded, oral or written, signed
13  or unsigned made to persons other than Government agents, which
14  are relevant to the crimes charged, and whom the Government
15  intends to call as witnesses in this case;

16       12.  All pre-indictment and post-indictment statements
17  of alleged or non-charged co-conspirators whether or not
18  indicted, either recorded or unrecorded, oral or written, signed
19  or unsigned made to persons other than Government agents, which
20  are relevant to the crimes charged and either exculpatory or
21  inculpatory, whom the Government does not intend to call as
22  witnesses in this case;

23       13.  The conviction records of all witnesses the
24  Government intends to call in its case-in chief or rebuttal;

25       14.  The full and complete extent of any dealing with,
26  or promises or inducements to, prospective Government witnesses
27  in this case made by Government attorneys, agents, and

28

MOTION FOR DISCOVERY- 4

employees;

15.  Notice of the Government's intention to use any evidence (in its case-in-chief at trial) which Defendant may be entitled to suppress under Rule 4(a), 12 or 41 of the Federal Rules of Criminal Procedure, the Fourth, Fifth, or Sixth Amendments to the United States Constitution, and 18 U.S.C. Sections 2510, 2515, 2518, and 3504;

16.  The Grand Jury testimony of all participating witnesses in, and percipient witnesses to, the crimes herein charged against the Defendant;

17.  The copies of any and all search warrants (including Affidavits in Support Thereof and Inventories listing articles seized when executing said warrant) that resulted in the seizure of evidence or the fruits thereof, which the Government intends to introduce into evidence in its case-in chief or in rebuttal.

18.  All information in whatever form, source or nature, which is favorable to the defense and material to the issues of either guilt or punishment, either through an indication of the Defendant's innocence, negation of any elements of the charged offenses, or through the potential impeachment of Government witnesses or contradiction of Government evidence; and all information which may be or become of benefit to the Defendant in preparing for, or presenting the merits of the defense at trial.

19.  All documents and other tangible objects that tend to show acts or crimes not named in the Indictment which the

Government may use to prove Defendant's motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident.

20. The names and addresses of all witnesses the Government intends to or may utilize to show acts or crimes not named in the Indictment to prove Defendant's motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident.

21. Disclosure by the Government of its intent to utilize evidence of acts or crimes not named in the Indictment to prove Defendant's motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident.

22. The names and addresses of all subscribers to telephones at all residences, cell phones or push-to-talk devices searched, intercepted or seized, and all telephone tolls seized.

23. The names and addresses of all subscribers to pagers, portable telephones, and all tolls or records of their use and billing history.

24. Proof of title or leaseholds on all the premises and vehicles searched.

**(B)**

**MOTION FOR SEARCH AND DISCLOSURE**
**OF ELECTRONIC SURVEILLANCE**

Defendant hereby moves this Court to order the Government to disclose the following:

1. Any and all voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters, and

MOTION FOR DISCOVERY- 6

articles of any electronic or other surveillance of any wire or oral communications:

(a)    To which any Defendant named in this indictment was identified as a party;

(b)    At any place in which any Defendant had an "interest" at the time of surveillance, "interest" meaning any property right or any other nexus of use and reasonable expectation of privacy;

(c)    Intercepted for the purpose, in whole or in part, of gathering evidence or leads against any Defendant, i.e., directed against any Defendant;

(d)    In which any Defendant is named or otherwise referred to;

(e)    Intercepted pursuant to warrant or application in which any Defendants' name appears, or which warrant or application was based upon investigatory memoranda, etc., in which any Defendants' name appears;

(f)    Any place in which any Defendant was at the time of surveillance; and

(g)    Described in (b) through (f) wherein a party to same is unidentified.

2.  Any and all actual voice records, tapes, mechanical or electronic recordings, logs, records, memoranda, letters, and articles of any electronic or other surveillance of any wire or oral communications described in 1(a)-(g), supra, as to any unindicted co-conspirators, or other relevant persons.

3.  Any and all actual voice records, tapes, memoranda,

letters, and articles of any electronic or other surveillance of any wire or oral communications to which any attorney for a Defendant, his or her agents or employees was a party, and any conversation at which said attorney, his or her agents or employees, are present.  This includes any attorney and his/her agents and employees who have participated in conversations which have been intercepted in any way since they became a member of the joint defense.

4.  Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters, and articles of any electronic or other surveillance of any wire or oral communications to which a party to that conversation allegedly "consented."

5.  Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters, and articles of any electronic or other surveillance of any wire or oral communications which are arguably exculpatory under <u>Brady v. Maryland</u>, 373 U.S. 83 (1983).

6.  Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters, and articles of any electronic or other surveillance of any wire or oral communications such as are described in 1 through 5, <u>supra</u>, which surveillance revealed the existence of said conversations but not the contents.  If the Government claims any intercepted conversations with attorneys, agents and/or employees are not discoverable, the Defendant requests an <u>in camera</u> review.

7.  For any electronic or other surveillance as

described in 1 through 6, _supra_, for which there are no voice records, tapes, mechanical or electrical records, logs, memoranda, records, letters, or articles, the names and business addresses of the persons who conducted said surveillance or who have knowledge of said surveillance.

8.    The demands for disclosure 1 through 7, _supra_, embrace electronic or other surveillance undertaken not only by the United States, its agents and employees, but by any governmental agency--state or local--and by private persons or corporations, and any foreign jurisdictions.

9.    For any electronic or other surveillance requested in 1 through 8, _supra_, for which this Court might deny the demand for voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters, or articles of same, the existence and circumstance of same; "circumstances" is meant to include date and place of the surveillance, who was present at said place, who conducted said surveillance and duration of the surveillance, the manner in which it was conducted, and all other relevant facts.

10.    Any and all applications, affidavits, memoranda, and other papers submitted in support of applications for executive, administrative, or judicial approval in domestic or foreign jurisdictions for such surveillance as described, _supra_, and all administrative, judicial, and executive orders, opinions, and decisions responsive thereto or relating to the surveillance described, _supra_.

11.    Notice that the Government intends to use any or

1  all of the actual voice records, tapes, mechanical or electrical

2  recordings, logs, records, memoranda, letters, and articles of

3  any electronic or other surveillance requested, _supra_, or any

4  evidence derived therefrom as evidence-in-chief at trial.

5       12.  Defendant seeks copies of all progress reports of

6  such surveillance.

7       13.  Any and all letters of instructions and other

8  directive material issued by the prosecution to the wiretap

9  monitoring agents instructing the agents as to the methods and

10  manners of operation to be followed in conducting the electronic

11  surveillance.

12       14.  The requests made, _supra_, seek not only disclosure

13  of surveillance presently known to the Government but that

14  which, in the exercise of due diligence, may become known to it

15  or its agents or others working with it.

16       15.  Defendant further requests an Order of continuing

17  disclosure of the items sought, _supra_, under Federal Rule of

18  Criminal Procedure 16 and any applicable local rule or rules.

19       16.  Defendant requests that this Court enter an Order

20  directing the Government to conduct a search before trial of the

21  files of every federal agency conducting electronic surveillance

22  investigating Defendant and all agencies cooperating with same

23  surveilling and investigating agencies in order to determine

24  whether there has been electronic surveillance as described,

25  _supra_.

26       17.  Defendant requests entry of an Order requiring the

27  Government to inquire in regard to the electronic surveillance

28

MOTION FOR DISCOVERY- 10

described, <u>supra</u>, of all state, local, and foreign jurisdictions conducting electronic surveillance investigating Defendant or cooperating with same surveilling and investigating jurisdiction.

## (C)

## MOTION FOR INFORMATION REGARDING GOVERNMENT WITNESSES AND INFORMANTS

Regarding Government witnesses, Defendant hereby moves this Court to order the following:

1. Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the Government including but not limited to relevant "rap sheets."

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness.

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration," Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect: leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative, foreign assistance or other dispute with plaintiff or with any with visas or criminal immunity or other authority Federal, State, local, or foreign or with any other parties; criminal,

civil, or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services, or other benefits; placement in a "witness protection program," informer status of the witness; and anything else which arguably could reveal an interest, motive, or bias in the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution or custodial status of the witness; and any civil, tax court, court of claims, administrative, foreign criminal or fiscal problems or other pending or potential legal disputes or transactions with the Government or any Foreign Government or over which the Government  or any Foreign Government has real, apparent, or perceived influence.

5. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body, or otherwise officially narrated proceeding regarding the Defendant, the investigation, or the facts of this case.

6. The existence and identification of each occasion on which the witness, who was or is an informer, accomplice, co-

conspirator, or expert, has testified before any court, grand jury, or other tribunal or body.

7.   Any and all personnel files for the witness; the existence and identity of all federal, state, local, and foreign government files for the witness; and the existence and identity of all official internal affairs, internal investigations, or public integrity investigations files relating to or connected with each witness who was or is a law enforcement officer or witness for the government.

8.   Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the Government's evidence or which arguably could lead to such records or information.

9.   The same records and information requested in Items 1 through 8, above, with respect to each non-witness declarant whose statements are offered in evidence.

Regarding Informants, Defendant hereby moves this Court to order the following:

1.   The names and identities of the Government informants used in this case.

2.   The present residence address, business address and telephone numbers, and all other information regarding the present location of said informants.

3.   Information concerning what inquiries and arrangements have been made by the Government to keep in touch with and locate said informants.

4.    All   recommendations   for   sentencing   that   the Government may request at the sentencing of each informant.

5.    All agreements to accept a plea to a reduced offense or to, in effect, limit the amount of incarceration of the informants.

6.    A list of all crimes that the Government agreed to either cease investigating, or not prosecute, or not to refer for filing against each informant.

7.    A list of all offenses that the Government has learned of subsequent to any agreement with each informant, that the Government will not now investigate or prosecute because of its prior agreement with the informants.

8.    A list of any recommendations, suggestions, or any other conduct favorable to the accused that the Government supplied to the probation department or parole commission regarding the ending of probation or a parole date for each informant in this matter.

9.    An accounting of all funds paid to each informant in the instant matter and any other matter for information, reward, travel, expense, etc., from the beginning of the investigation in the instant case up to and including the present time and to the commencement of the trial.

10.    A list of investigations that have been commenced or continued based upon information from each informant in the instant matter.

11.    A list of all offenses known by the Government to be committed by each informant including those done while

MOTION FOR DISCOVERY- 14

cooperating with the government in the instant matter subsequent to his original agreement to cooperate with the Government in this matter, if any.

12. A list of any offenses, misconduct, or violation of rules committed by each informant.

13. Any other inducements, rewards, or benefits that have been directly or indirectly provided to each informant in this matter for his cooperation in this case, or any other case.

**(D)**

**REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS**

_____Defendant, by and through his attorney, hereby requests this Court to grant leave to file additional motions in this matter.

Currently, counsel for Defendant has filed Motions for Discovery, for Disclosure of Electronic Surveillance, and for Information Regarding Government Witnesses and Informants. Defendant has not filed a motion to suppress intercepted communications because the Government, while at first admitting that intercepted communications led to Defendant's being stopped at the U.S.-Mexican border as he attempted entry into the Republic of Mexico, has now refused to state or admit whether a wiretap was involved in this investigation.

These Motions are based upon the within Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, all the files and records in the above-captioned case, and any and all other matters which may be brought to this Court's attention prior to or at the time of hearing the within

1  Motion.

2  DATED: August 12, 2008                    Respectfully submitted,

3

4                                             S/ Philip A. DeMasa
                                             PHILIP A. DeMASSA
5                                            Attorney for Defendant
                                             VICENTE MANUEL AGUIRRE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  PHILIP A. DeMASSA # 47667
   PHILIP A. DeMASSA, APC
2  SUITE 201
   2356 MOORE STREET
3  San Diego, CA 92110
   Telephone:(619) 294-2777
4  Facsimile:(619) 294-2120
   pad_jefe@msn.com
5  Attorney for Defendant
   VICENTE MANUEL AGUIRRE

6

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,        )  CASE NO. 08CR2428 JAH
                                    )
11             Plaintiff,           )  POINTS AND AUTHORITIES IN
                                    )  SUPPORT OF MOTION FOR
12   v.                             )  DISCOVERY; SEARCH AND
                                    )  DISCLOSURE OF ELECTRONIC
   VICENTE MANUEL AGUIRRE,          )  SURVEILLANCE, ETC.
13                                  )
               Defendant.           )
14                                  )  DATE: August 25, 2008
   _____)  TIME: 8:30 a.m.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                          - 1 -

TABLE OF CONTENTS

(A)    REQUESTED ITEMS OF GENERAL DISCOVERY

       AND BRADY MATERIAL . . . . . . . . . . . . . . . . . .1

    1.  Defendant's Statements-Rule 16(a)(1)(A)  . . . . . . 1

    2.  Written or Recorded Statements of Defendant. . . . . .1

    3.  Oral Statements to Persons not Government Agents. . . 3

    4.  Documents & Tangible Objects Under Rule 16(a)(1)(A). .3

    5.  Reports of Examinations and Tests-Rule 16(a)(1)(D) . .4

    6.  Names of Witnesses . . . . . . . . . . . . . . . . . 4

    7.  Statements of Witnesses . . . . . . . . . . . . . . 4

    8.  Discovery of Grand Jury Testimony-Rule 6(e) . . . . . 4

    9.  Notes, Tape Recordings, Conversations, etc.
        Between the Defendant and any Confidential
        Informant and/or Government Witnesses . . . . . . . 5

    10. Notes Prepared by the Government Agents . . . . . . . 6

    11. Disclosure of Intent to Rely on Evidence
        Of Similar Acts or Crimes . . . . . . . . . . . . . 6

(B)    DEFENDANT IS ENTITLED TO DISCOVERY AND
       DISCLOSURE OF ELECTRONIC SURVEILLANCE . . . . . . . 7

(C)    DEFENDANT IS ENTITLED TO THE DISCLOSURE OF
       INFORMATION REGARDING THE GOVERNMENT'S WITNESSES . . 8

    1.  Conviction Records . . . . . . . . . . . . . . . . . 9

    2.  Witness Misconduct . . . . . . . . . . . . . . . . . 9

    3.  Consideration of Promises . . . . . . . . . . . . . 9

    4.  Bias . . . . . . . . . . . . . . . . . . . . . . . 10

    5.  Prior Testimony . . . . . . . . . . . . . . . . . . 11

    6.  Prior Informant Testimony . . . . . . . . . . . . . 12

    7.  Personnel Records . . . . . . . . . . . . . . . . . 13

    8.  Impeaching Information . . . . . . . . . . . . . . . 14

TABLE OF AUTHORITIES

**CASES**

<u>Alderman v. United States</u>, 394 U.S. 165, 89 S.Ct. 961 (1969). 7

<u>Allen v. United States</u>, 390 F.2d 476 (D.C. Cir. 1968)  . . . 5

<u>Azbill v. Pogue</u>, 534 F.2d 195 (9th Cir. 1976). . . . . . . . 10

<u>Britt v. North Carolina</u>, 404 U.S. 226 (1971) . . . . . . . . 12

<u>Davis v. Alaska</u>, 415 U.S. 308 (1974) . . . . . . . . . . . 11

<u>Davis v. Heyd</u>, 479 F.2d 446 (5th Cir. 1973) . . . . . . . . 11

<u>Dennis v. United States</u>, 384 U.S. 855 (1966) . . . . . . . . 4

<u>Garza-Fuentes v. United States</u>, 400 F.2d 219 (5th Cir.)
    <u>cert</u>. <u>den</u>. 394 U.S. 963 (1968). . . . . . . . . . . . . . 8

<u>Gibson v. United States</u>, 403 F.2d 166 (D.C. Cir. 1968). . . . 5

<u>Giglio v. United States</u>, 405 U.S. 150 (1972) . . . . . . . . 10

<u>Leeper v.United States</u>, 446 F.2d 281 (10th Cir. 1971) . . . . 8

<u>McCreary v. Sigler</u>, 406 F.2d 1264 (8th Cir. 1968) . . . . . . 8

<u>Meeks v. United States</u>, 163 F.2d 598 (9th Cir. 1947). . . . . 11

<u>Palermo v. United States</u>, 360 U.S. 343 (1959). . . . . . . . 2

<u>Powell v. Wiman</u>, 287 F. 2d 275 (5th Cir. 1961). . . . . . . . 14

<u>Renshaw v. Ravert</u>, 82 F.R.D. 361 (E.D. Pa. 1979) . . . . . . 14

<u>United States v. Agurs</u>, 427 U.S. 97, 106 (1976). . . . . . . 8

<u>United States v. Ahamd</u>, 53 F.R.D. 186 (N.D.Pa. 1971). . . . . 3

<u>United States v. Alvarez-Lopez</u>,
    559 F. 2d 1155 (9th Cir. 1977). . . . . . . . . . . 9, 10, 13

<u>United States v. Baum</u>, 482 F.2d 1328 (2nd Cir. 1973). . . . . 7

<u>United States v. Beeckman</u>, 155 F.2d 580 (2nd Cir. 1946). . . 13

<u>United States v. Bonanno</u>, 430 F.2d 1060 (2nd Cir. 1970),
    <u>cert</u>. <u>den</u>., 400 U.S. 964 (1971) . . . . . . . . . . . . . 10

<u>United States v. Caldwell</u>, 543 F. 2d 1333(D.C. Cir. 1974) .. 1-3

<u>United States v. Cannone</u>, 528 F.2d 296 (2nd Cir. 1975) . . . .4

<u>United States v. Caraday</u>,
    466 F.2d 1191 (9th Cir. 1972) (<u>per</u> <u>curiam</u>) . . . . . . . . 9

United States v. Carrasco, 537 F.2d 372 (9th Cir. 1976). . . 6

United States v. Countryside Farms,
    428 F.Supp. 1150 (D. Utah 1977). . . . . . . . . . . . . 4

United States v. Crumley, 565 F.2d 945 (5th Cir. 1978) . . . 10

United States v. Deutsch, 475 F.2d 55 (5th Cir. 1973) . . . . 13

United States v. Feinberg, 502 F.2d 1180 (7th Cir.),
    cert. den. 429 U.S. 926 (1974). . . . . . . . . . . . . . 3

United States v. Fowler, 475 F.2d 566 (D.C. Cir.  1972) . . 14

United States v. Garrett, 542 F.2d 23 (6th Cir. 1976) . . . . 13

United States v. Garrett, 305 F.Supp. 267 (S.D. N.Y. 1969). 2,3

United States v. Gleason, 265 F.Supp. 880 (S.D. N.Y. 1967) . 12

United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974) . . . 10

United States v. Goldman, 439 F.Supp. 377 (S.D. N.Y. 1977). . 3

United States v. Harris, 543 F.2d 1247 (9th Cir. 1976). . 2, 6

United States v. Harris, 388 F.2d 373 (7th Cir. 1967). . . . .8

United States v. Hitchmon, 609 F.2d 1098 (5th Cir. 1979) . . 13

United States v. Houston, 339 F.Supp. 762 (N.D. Ga. 1972) . . 12

United States v. Jackson, 508 F.2d 1001 (7th Cir. 1975) . . . 4

United States v. James, 495 F.2d 434 (5th Cir.),
    cert. den. 419 U.S. 899 (1974) . . . . . . . . . . . . 2, 6

United States v. Johnson, 525 F.2d 999 (2nd Cir.1975). . . . 1

United States v. Joseph, 533 F.2d 282 (5th Cir. 1976).. . . . 5

United States v. Kelly, 420 F.2d 26 (2nd Cir. 1960). . . . . 4

United States v. Lombosky, 277 F.Supp. 713 (N.D. Ill. 1967)...2

United Stasi v. Mancusi, 379 F.2d 897 (2nd Cir. 1967). . . . 8

United States v. Manettes, 551 F.2d 1352 (5th Cir. 1977) . . .1

United States v. Mayer, 556 F.2d 245 (5th Cir. 1977) . . . 9, 13

United States v. Miller, 529 F.2d 1125 (9th Cir. 1976) . . . 12

United States v. Moceri, 359 F.Supp 431 (N.D. Ohio 1973). . . 6

United States v. Morell, 524 F.2d 550 (2nd Cir. 1975) . . . . 13

United States v. Narcisco, 446 F.Supp. 252 (E.D. Mich. 1977). 12

United State v. Padgent, 432 F.2d 701 (2nd Cir. 1970) . . . . 10

United States v. Parker, 549 F.2d 1217 (9th Cir.)
    cert. den. 430 U.S. 971 (1977) . . . . . . . . . . . . 2, 6

United States v. Phillips. 482 F. 2d 1355 (9th Cir.)
    cert. den. 419 U.S. 847 (1973). . . . . . . . . . . . . . 6

United States v. Richter, 488 F.2d 170 (9th Cir. 1973). . . . 4

United States v. Rose, 526 F.2d 745 (8th Cir.)
    cert. den., 426 U.S. 905 (1976). . . . . . . . . . . . . . 9

United States v. Sperling, 506 F. 2d 1324 (2nd Cir.)
    cert. den. 420 U.S. 962 (1974). . . . . . . . . . . . . . 6

United States v. Sutton, 542 F.2d 1239 (4th Cir. 1976) . . . 10

United States v. Tanner, 279 F.Supp. 457 (N.D. Ill. 1967). . 3

Wilson v. United States, 232 U.S. 563 (1914). . . . . . . . 14

Wiman v. Powell, 293 F. 2d 605 (5th Cir. 1971) . . . . . . . 14

**RULES OF CRIMINAL PROCEDURE**

    6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    16(a) . . . . . . . . . . . . . . . . . . . . . . . . passim

**RULES OF EVIDENCE**

    404 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    608 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    609 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    801 . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    806 . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TREATISES**

    Weinstein's Evidence, Section 404 . . . . . . . . . . . . 7

1

PHILIP A. DeMASSA # 47667
2  PHILIP A. DeMASSA, APC
   SUITE 201
3  2356 MOORE STREET
   San Diego, CA 92110
4  Telephone:(619) 294-2777
   Facsimile:(619) 294-2120
5  pad_jefe@msn.com
   Attorney for Defendant
6  VICENTE MANUEL AGUIRRE

7

            UNITED STATES DISTRICT COURT
8
            SOUTHERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,        )  CASE NO. 08CR2428 JAH
                                     )
11              Plaintiff,           )  POINTS AND AUTHORITIES IN
                                     )  SUPPORT OF MOTION FOR
12   v.                              )  DISCOVERY; SEARCH AND
                                     )  DISCLOSURE OF ELECTRONIC
13  VICENTE MANUEL AGUIRRE,          )  SURVEILLANCE, ETC.
                                     )
14              Defendant.           )
                                     )  DATE: August 25, 2008
15  _____  )  TIME: 8:30 a.m.

16                        **(A)**

17     **REQUESTED ITEMS OF GENERAL DISCOVERY AND BRADY MATERIAL**

18  **1. Defendant's Statements - Rule 16 (a)(1)(A)**

19     A defendant's statements must be disclosed.

20  **2. Written or Recorded Statements of Defendant-Rule 16(a)(1)(A)**

21     (a)  Statements may be inculpatory or neutral as long as they

22          are relevant to the crime charged.  United States v.

23          Manettes, 551 F.2d 1352, 1356 (5th Cir. 1977).

24     (b)  Statement are producible regardless of whether used by

25          the Government in its case-in-chief or possible rebuttal

26          or impeachment and whenever made. United States v.

27          Caldwell, 543 F. 2d 1333, 1352, n.93 (D.C. Cir. 1974);

28

            POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-1

1    United States v. Johnson, 525 F.2d 999 (2nd Cir.1975).

2    (c)    Any document written out or signed by the defendant

3    which is relevant to the crime charged is discoverable.

4    Caldwell, supra, 543 F.2d at 1352, n.93.

5    (d)    An oral statement recorded by any means is discoverable.

6    Caldwell, supra.

7    (e)    The statement may itself constitute a part of or made

8    during the commission of the alleged offense. Caldwell,

9    supra; United States v. James, 495 F.2d 434 (5th Cir.),

10    cert. den. 419 U.S. 899 (1974) Such recordings would

11    also be tangible objects discoverable under Rule

12    16(a)(1)©). United States v. Lombosky, 277 F.Supp. 713,

13    720 (N.D. Ill. 1967).

14    (f)    An oral statement of defendant, recited or summarized in

15    an investigative report or in notes is discoverable as

16    a "written or recorded statement" without regard to

17    whether it is verbatim or when the notes were made.

18    United States v. Parker, 549 F.2d 1217 (9th Cir.), cert.

19    den. 430 U.S. 971 (1977); United States v. Harris, 543

20    F.2d 1247 (9th Cir. 1976). The Jencks Act is

21    inappropriate in the interpretation of Rule 16 (a)(1)A)

22    since the Jencks Act is the use of a prior statement of

23    a witness which is limited to impeachment after he

24    testifies at trial. Palermo v. United States, 360 U.S.

25    343 (1959). Moreover, the Jencks Act itself contains an

26    exception for the statements of the defendant from its

27    restriction on pre-trial discovery of witness

28

POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-2

1   statements. Title 18 U.S.C. Section 3500(a); see, <u>United</u>

2   <u>States v. Garrett</u>, 305 F.Supp. 267 (S.D. N.Y. 1969).

## 3. <u>Oral Statements to Persons not Government Agents</u>

Discovery of oral statements that defendant may have made to persons not Government agents is authorized under Rule 16 or the inherent power of the Court.   There was authority that such statements were producible.  <u>United States v. Ahamd</u>, 53 F.R.D. 186, 190 (N.D.Pa. 1971).  The 1975 amendments to Rule 16 were intended to expand the scope of available discovery, not to contract it. There is "fundamental fairness" involved in "granting the accused equal access to his own words, no matter how the  Government came by them." <u>Caldwell</u>, 543 F.2d at 1352. Therefore, the defendant is entitled to a copy of <u>any</u> statements that he may have made that are presently in the possession of the Government. <u>United States v. Feinberg</u>, 502 F.2d 1180, 1182 (7th Cir.), <u>cert.</u> den. 429 U.S. 926 (1974).

## 4. <u>Documents and Tangible Objects Under Rule 16(a)(1)(A)</u>

Discovery is producible to a defendant in three specified situations:  (a) those which are "material" to the preparation of his defense; (b) those which are intended for use by the Government as evidence in its case-in-chief; and (c) those which were  obtained  from  or  belong  to  the  defendant.

The requirement the Government disclose the documents and tangible objects it intends to use in its case-in-chief at trial is unequivocal. <u>United States v. Goldman</u>, 439 F.Supp. 377, 351 (S.D. N.Y. 1977); <u>United States v. Tanner</u>, 279 F.Supp. 457, 472 (N.D. Ill. 1967). "[I]ntended for use by the Government as

1  evidence in chief at trial" includes not only documents to be

2  marked and offered by the Government, but also documents to be

3  relied on or referred to in any way by any Government witness

4  during the Government's case-in-chief. <u>United States v.</u>

5  <u>Countryside Farms</u>, 428 F.Supp. 1150 (D. Utah 1977).

6  **5. <u>Reports of Examinations and Tests - Rule 16(a)(1)(D)</u>**

7      Defendant is entitled to the results of any scientific

8  analysis of the evidence. <u>United States v. Kelly</u>, 420 F.2d 26

9  (2nd Cir. 1960).

10  **6. <u>Names of Witnesses</u>**

11     Courts have inherent Judicial Power to order the disclosure

12  of Government witnesses in appropriate cases. <u>United States v.</u>

13  <u>Cannone</u>, 528 F.2d 296 (2nd Cir. 1975); <u>United States v. Jackson</u>,

14  508 F.2d 1001 (7th Cir. 1975); <u>United States v. Richter</u>, 488

15  F.2d 170, 173, 174 (9th Cir. 1973).

16  **7. <u>Statements of Witnesses</u>**

17     Rule 16 sets forth the <u>minimal</u> requirement for discovery in

18  the federal courts and does <u>not</u> limit the inherent power of the

19  Court to order discovery.  In appropriate circumstances,

20  statements of Government witnesses to be called at trial have

21  been ordered discoverable even when said statements are covered

22  by the Jencks Act. <u>Narcisco</u>, <u>supra</u>, 446 F.Supp. at 270, 271.

23  **8. <u>Discovery of Grand Jury Testimony - Rule 6 (e)</u>**

24     In <u>Dennis v. United States</u>, 384 U.S. 855 (1966), the Court

25  allowed the "particularized need" for disclosure of Grand Jury

26  testimony to be met if: (1) Disclosure of the testimony of only

27  a limited number of witnesses was sought; (2) These were "key"

28

witnesses, without whose testimony the case could not have been prosecuted; (3) Their trial testimony included oral references to statements by the defendants, and the Court indicated that "where the question of guilt or innocence may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of the statements."; (4) Some of the witnesses were accomplices of the defendants, and another had demonstrated hostility to the defense; (5) One of the witnesses acknowledged inconsistencies in his earlier statements; and (6) The case involved the charge of conspiracy, in which the Court said, "[i]t was especially important that the defense, the judge and jury should have the assurance that the doors that may lead to the truth have been unlocked," 384 U.S. at 873.

Pre-trial discovery of Grand Jury testimony should be more freely available. Allen v. United States, 390 F.2d 476 (D.C. Cir. 1968); Gibson v. United States, 403 F.2d 166 (D.C. Cir. 1968).

**9. Notes, Tape Recordings, Conversations, etc. Between the Defendant and any Confidential Informant and/or Government Witnesses**

The accused is entitled to more than the identity and whereabouts of an informant, including:

(1)     Any evidence disclosing the informant's arrangement or agreement with the Government. United States v. Joseph, 533 F.2d 282 (5th Cir. 1976).

(2)     Names and address of prospective Government witnesses

POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-5

1                      unless the Government can affirmatively show that

2                      coercion or harm would come to the witness.  <u>United</u>

3                      <u>States v. Moceri</u>, 359 F.Supp 431 (N.D. Ohio 1973).

(3)     Any communications with the Government setting forth past favors it conveyed on the informant or the informant asked of the Government.  <u>United States v. Sperling</u>, 506 F. 2d 1324 (2nd Cir.) <u>cert</u>. <u>den</u>. 420 U.S. 962 (1974).

(4)     Vouchers reflecting payments the informant has received. <u>United States v. Phillips</u>. 482 F. 2d 1355 (9th Cir.), <u>cert</u>. <u>den</u>. 419 U.S. 847 (1973).

(5)     Copies of any tape recordings between the accused and the informant dealing with the charged offenses. <u>James</u>, <u>supra</u>.

(6)     Notes prepared by the informant or prepared by the Government agents and acknowledged by the informant. <u>United States v. Carrasco</u>, 537 F.2d 372 (9th Cir. 1976).

**10. Notes Prepared by the Government Agents**

Notes prepared by Government agents must be preserved until the Court has had an opportunity to determine whether they are "producible" and that the Government may not destroy said notes without prior judicial approval. <u>Parker</u>, <u>supra</u>, 1549 F.2d 1217; <u>United States v. Harris</u>, 543 F.2d 1247 (9th Cir. 1976).

**11.**     **<u>Disclosure of Intent to Rely on Evidence Of Similar Acts or Crimes</u>**

The Government must prove the defendant willfully and knowingly committed the offenses alleged, often <u>primarily</u> shown

1  by circumstantial evidence.    The Government may introduce

2  evidence of other acts or wrongs different from those alleged in

3  the Indictment to prove a defendant's motive, opportunity,

4  preparation, plan, knowledge, identity, or absence of mistake or

5  accident under Rule 404 (b) of the Federal Rules of Evidence.

6  Although Rule 404(b) does not require that advance notice be

7  given when other crimes or wrongs will be shown at trial, the

8  Court has the power to require the Government to disclose its

9  intent to rely on other crimes, wrongs, or acts.    Weinstein's

10 Evidence, Section 404(01), pages 404-413.

11     Failure of the Government to reveal prior to trial the

12 identity of the person which the Government will rely upon to

13 show similar acts or wrongs at the trial may result in a

14 reversal.  United States v. Baum, 482 F.2d 1328, 1331, (2nd Cir.

15 1973).  Given the seriousness of the charges, defendant would be

16 denied his Fifth Amendment right to due process of law and his

17 Sixth Amendment right to assistance of counsel if the Government

18 is permitted to conceal the identities of the persons and the

19 tangible evidence upon which it intends to rely to show similar

20 acts or wrongs at the time of trial.

21                              **(B)**

22            **Defendant is Entitled to Discovery and**

23            **Disclosure of Electronic Surveillance**

24     Defendant has a right to discovery of electronic surveillance

25 by the Government, so that the Court may resolve any suppression

26 motions arising under the doctrine of Alderman v. United States,

27 394 U.S. 165, 89 S.Ct. 961 (1969).

28

1  This motion is particularly relevant in this case as the

2  government attorney who was assigned to this case pre indictment

3  admitted to counsel for defendant that defendant was stopped by

4  law enforcement as he attempted to cross from the United States

5  into the Republic of Mexico based on a wiretap which intercepted

6  Defendant's communications. See attached Declaration of Philip

7  A. DeMassa, ¶ 2.

8  A defendant has standing to object to any non-consensual

9  surveillance of any conversation to which he is a party

10  (Alderman, supra) and standing to suppress all evidence gathered

11  in the course of the surveillance on premises not his own, but

12  at which he was present at the time of the surveillance. Leeper

13  v. United States, 446 F.2d 281, 283 (10th Cir. 1971); Gaza-

14  Fuentes v. United States, 400 F.2d 219 (5th Cir.), cert. den.

15  394 U.S. 963 (1968).  The accused is also entitled to suppress

16  conversations on premises in which he had an interest even other

17  than proprietary. McCreary v. Sigler, 406 F.2d 1264 (8th Cir.

18  1968); United States v. Harris, 388 F.2d 373 (7th Cir. 1967).

19  Finally, the accused has standing to object to the surveillance

20  if the surveillance was directed against him. Gaza-Fuentes v.

21  United States, supra; United States v. Mancusi, 379 F.2d 897

22  (2nd Cir. 1967).

23  **(C)**

24  **DEFENDANT IS ENTITLED TO THE DISCLOSURE OF**

25  **INFORMATION REGARDING THE GOVERNMENT'S WITNESSES**

26  Defendant specifically requests likely sources of impeaching

27  information within the knowledge or possession of the

28

POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-8

1    Government. <u>United States v. Agurs</u>, 427 U.S. 97, 106 (1976).

2    **1. <u>Conviction Records</u>**

3    Disclosure is directly within the ambit of Rule 609 of the

4    Rules of Evidence. The inclusion of "guilty verdicts" should be

5    included for purposes of impeachment. <u>United States v. Caraday</u>,

6    466 F.2d 1191 (9th Cir. 1972) (<u>per</u> <u>curiam</u>); <u>United States v.</u>

7    <u>Rose</u>, 526 F.2d 745 (8th Cir.), <u>cert</u>. <u>den</u>., 426 U.S. 905 (1976).

8    Disclosure is plainly in order.  Discovery should also extend to

9    production of any "rap sheets" for witnesses.  <u>United States v.</u>

10   <u>Alvarez-Lopez</u>, 559 F. 2d 1155 (9th Cir. 1977).

11   **2. <u>Witness Misconduct</u>**

12   The  Court  has  discretion  to  permit  a  defendant  cross-

13   examination of a witness as to specific instances of misconduct,

14   or "bad acts," even though such behavior does not amount to

15   felony  conviction,  if  the  evidence  impeaches  the  witness's

16   truthfulness.  Rule 608(b), Federal Rules of Evidence.  The

17   purpose  is  to  attack  the  witness's  character  and  not  to

18   establish  bias,  interest,  or  prejudice.   See  McCormick,

19   <u>Evidence</u>, Section 52 at 83 (2nd Ed. 1972).

20   **3.  <u>Consideration or Promises</u>**

21   The Government must disclose any and all consideration which

22   it has held out to a witness or which the witness subjectively

23   hopes  for  or  anticipates,  since  such  consideration  directly

24   gives rise to the inference of bias or interest.  <u>See generally</u>,

25   <u>United States v. Mayer</u>, 556 F.2d 245, 248 (5th Cir. 1977)

26   (cross-examination of a prosecution witness who has had prior

27   dealings  with  the  prosecution  or  other  law  enforcement

28

POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-9

1    officials "ought to be given the largest possible scope";

2    conviction reversed); <u>Giglio v. United States</u>, 405 U.S. 150

3    (1972); <u>Azbill v. Pogue</u>, 534 F.2d 195, 196 (9th Cir. 1976).

4    **4. <u>Bias</u>**

5       The defendant is entitled to be advised of any matter which

6    might cause a witness to color his testimony in favor of the

7    Government out of fear or interest in self-preservation. <u>See</u>,

8    e.g., <u>United States v. Sutton</u>, 542 F.2d 1239 (4th Cir. 1976)

9    (threat by F.B.I. agent to prosecute witness intended to induce

10   witness' cooperation).

11      Evidence of a witness' wrongdoing, even though not amounting

12   to a felony conviction or comparable evidence of moral turpitude

13   or bad character (such as vulnerability to prosecution,

14   revocation of parole/probation) may nonetheless be relevant to

15   show the bias or self-interest of the witness.    McCormick,

16   <u>Evidence</u>, Section 40 at 78-80 (2d Ed. 1972); <u>United States v.</u>

17   <u>Alvarez-Lopez</u>, <u>supra</u>. <u>See also</u>, <u>United States v. Bonanno</u>, 430

18   F.2d 1060 (2nd Cir. 1970), <u>cert</u>. <u>den</u>., 400 U.S. 964 (1971)

19   [Court condemned the Government's failure to disclose an

20   outstanding indictment against its witness, since the pendency

21   of the charge would have shown "possible motivation of the

22   witness to testify favorably for the Government."  439 F.2d at

23   1062.]; <u>United State v. Padgent</u>, 432 F.2d 701 (2nd Cir. 1970),

24   [Court reversed defendant's conviction because his counsel had

25   been denied the right to question a Government witness on cross-

26   examination with regard to the witness's vulnerability to future

27   indictment for bail jumping]; <u>United States v. Crumley</u>, 565 F.2d

28

POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-10

1  945, 949-50 (5th Cir. 1978); <u>United States v. Gerard</u>, 491 F.2d

2  1300, 1304 (9th Cir. 1974); <u>Davis v. Alaska</u>, 415 U.S. 308

3  (1974); <u>Meeks v. United States</u>, 163 F.2d 598, 600 (9th Cir.

4  1947).

5  **5.  Prior Testimony**

6      The existence and identification of each occasion on which

7  the witness has testified or otherwise narrated relative to the

8  facts of the instant case should be disclosed so that defendant

9  may, for example, order transcripts of testimony for use in

10 cross-examination   or   investigate   sources   of   extrinsic

11 impeachment. McCormick, Evidence, Section 34 at 67 (2d Ed. 1972).

12 <u>See also</u>, rules 801(d)(1) and 806, Federal Rules of Evidence.

13 If the Government has available information which may lead to

14 proof of prior inconsistent statements or other evidence helpful

15 to the accused, fundamental fairness requires that it be turned

16 over to the defense without further delay.  <u>Davis v. Heyd</u>, 479

17 F.2d 446 (5th Cir. 1973) (Federal <u>habeas</u> <u>corpus</u> relief granted

18 to   state   prisoner   where   undisclosed   prior   statements   of

19 prosecution witness specifically corroborated defense theory and

20 contradicted his trial testimony). As the Ninth Circuit stated

21 in a similar context:

22              We agree with the trial court that [the
              witness's]   statement   was   in   part
23           exculpatory material and should have been
           turned over to the defense.  The fact that
24           the Government concluded in good faith
           that the evidence would not be very
25           helpful to Miller does not excuse its
           failure to disclose the statement.    The
26           prosecutor is not merely an advocate for a
           party; he is also an administrator of
27           justice.   Considering   the   vast
           investigatory resources    and  powers at

28

1
2
3
4
5
6
7
8

> the government's disposal, an elemental sense of fair play demands disclosure of evidence that in _any_ way may be exculpatory.  If the Government, upon request of the accused, has serious doubts about the usefulness of the evidence to the defense, the Government should resolve all doubts in favor of full disclosure. Such a rule appears particularly appropriate since disclosure could cause no harm to the Government while suppression could very well prejudice the defendant.  United States v. Miller, 529 F.2d 1125, 1128 (9th Cir. 1976) (emphasis in original)(footnote omitted).

9      This Motion seeks early disclosure of Jencks material only to
10 the extent required by due process, e.g., United States v. Narcisco,
11 446 F.Supp. 252, 270-71 (E.D. Mich. 1977); United States v. Houston,
12 339 F.Supp. 762, 765-66 (N.D. Ga. 1972); United States v. Gleason,
13 265 F.Supp. 880, 887 (S.D. N.Y. 1967) and primarily seeks
14 identification of statements not solely "in the possession of the
15 United States," 18 U.S.C. Section 3500 (a) and (b), so that they may
16 be obtained from other sources.  Thus, the Government should
17 identify the sources of information which will allow defendant to
18 make his own pursuit of impeaching information.  Cf., Britt v. North
19 Carolina, 404 U.S. 226 (1971) (indigent defendant entitled to free
20 transcript, or adequate transcript substitute, of prior trial).

21 **6.  Prior Informant Testimony**

22     This request takes the previous request one step further.  If the
23 witness is an informer, accomplice, or co-conspirator, the defendant
24 should also be advised of all occasions, known to the Government,
25 on which the witness has previously testified, even if the
26 Government discerns no relation to the case at hand.  As to crucial
27 and inherently suspect witnesses, the defendant must have the

28

1  greatest possible latitude in investigation as well as in cross-
2  examination. See, e.g., United States v. Mayer, supra, 556 F.2d at
3  248-49; United States v. Alvarez-Lopez, supra, 559 F.2d at 1160;
4  Johnson v. Brewer, 521 F.2d 556 (8th Cir. 1975).

5  **7.  Personnel Records**

6  If a government employee serves as a prosecution witness, the
7  defendant is entitled to have access to his or her government
8  personnel file in order to ascertain whether there is information
9  within it which could be of an impeaching nature. United States v.
10  Deutsch, 475 F.2d 55, 57-58 (5th Cir. 1973); United States v.
11  Morell, 524 F.2d 550, 552-55 (2nd Cir. 1975)[defense counsel were
12  entitled to impeaching information in the confidential file of an
13  informant witness]; United States v. Beeckman, 155 F.2d 580 (2nd
14  Cir. 1946). Law enforcement witnesses are not immune from this
15  principle. In United States v. Garrett, 542 F.2d 23 (6th Cir.
16  1976), the Court of Appeals reversed a drug distribution conviction
17  in which the defendant had been denied both access to disciplinary
18  records of the chief witness, a police officer, who had been
19  suspended from duty for refusal to take a urine test to see whether
20  he had used hard drugs, and also had been restricted in cross-
21  examining the officer as to why he had been suspended. See also,
22  United States v. Hitchmon, 609 F.2d 1098 (5th Cir. 1979) (trial
23  court prohibits cross-examinations of Government witnesses
24  concerning an internal D.E.A investigation into the possibility that
25  two of its agents had given perjured testimony in an effort to
26  obtain a conviction; conviction reversed;)

27  The personnel and internal investigation files of all law
28

POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-13

1  enforcement witnesses should be disclosed to defense counsel.  <u>See</u>,

2  <u>Renshaw v. Ravert</u>, 82 F.R.D. 361, 363-64 (E.D. Pa. 1979).

3  **8. <u>Impeaching Information</u>**

4      Any information which impeaches the witness's competency, his

5  capacity and opportunity to observe, remember, recall, and narrate

6  as well as his character for veracity and his partiality towards one

7  side must be disclosed.  The Government cannot suppress, and must

8  disclose, evidence of "basic mental trouble" suffered by a witness.

9  <u>Wiman v. Powell</u>, 293 F. 2d 605, 606, (5th Cir. 1971); <u>Powell v.

10  Wiman</u>, 287 F. 2d 275, 278-79 (5th Cir. 1961). <u>See</u> <u>generally</u>, <u>United

11  States v. Partin</u>, <u>supra</u>, 493 F.2d at 762-64.  Likewise, if the

12  Government knows that "truth serum," polygraph examination, use of

13  drugs, etc. have been used in the preparation of witnesses, it must

14  disclose the facts so that the defendant can employ experts to

15  analyze the impact upon the witnesses. <u>United States v. Fowler</u>, 475

16  F.2d 566, 570-74 (D.C. Cir.   1972); <u>Wilson v. United States</u>, 232

17  U.S. 563, 568 (1914).

18                          **CONCLUSION**

19      For all the reasons advanced above, Defendant  respectfully

20  requests this Court to grant defendant's Motions.

21

22  DATED: August 12, 2008              Respectfully submitted,

23

24                                      <u>S/ Philip A. DeMassa</u>
                                        PHILIP A. DeMASSA
25                                      Attorney for Defendant
                                        VICENTE MANUEL AGUIRRE
26

27

28

             POINTS AND AUTHORITIES-MOTION FOR DISCOVERY-14

1

2

3            **UNITED STATES DISTRICT COURT**

4            **SOUTHERN DISTRICT OF CALIFORNIA**

5

UNITED STATES OF AMERICA,        )   CASE NO. 08CR2428 JAH
6                                   )
                                    )
7              Plaintiff,           )   DECLARATION OF PHILIP A.
     v.                             )   DeMASSA
8                                   )
VICENTE MANUEL AGUIRRE,             )
9                                   )
               Defendant.           )
10   _____ )

11       I HEREBY DECLARE:

12       1.   I am an attorney licensed to practice law in the State

13            of California and this Court.  I represent the Defendant

14            in the above-entitled cause;

15       2.   Before Mr. Vicente Manuel Aguirre was indicted, I had a

16            conversation with Assistant U.S. Attorney James

17            Melendres who told me that the reason Mr. Aguirre was

18            stopped in his vehicle on his way from the United States

19            into the Republic of Mexico was that he (Mr. Aguirre)

20            was involved in a wiretap in the United States.

21       I declare under penalty of perjury under the laws of the

22   State of California that the foregoing is true and correct.

23

24   Executed on August 13, 2008

25

26                                   _____
                                     PHILIP A. DeMASSA
27

28
                    DECLARATION OF PHILIP A. DeMASSA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2428 JAH |
| | ) | |
| Plaintiff, | ) | CERTIFICATE   OF   SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| VICENTE MANUEL AGUIRRE, | ) | |
| | ) | |
| Defendant. | ) | |

I HEREBY CERTIFY THAT:

I, PHILIP A. DeMASSA, am a citizen of the United States and am at least eighteen years of age.  My business address is 2356 Moore Street, Suite 201, San Diego, CA 92110.

I am not a party to the above-entitled action. I have caused service of Notice of Motion and Motion for Discovery, Disclosure of Electronic Surveillance, etc. and Points and Authorities in Support of Motion for Electronic Surveillance, etc and attached Declaration of Philip A. DeMassa on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System which electronically notifies them:

    1.    Caroline P. Han, Esq
          Caroline.Han@usdoj.gov

I hereby certify that I have caused to be mailed the foregoing by the United States Postal Service, to the following non-ECF participant(s) in this case:

    1.    None

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2008

                                    s/Philip A. DeMassa
                              PHILIP A. DeMassa

CERTIFICATE OF SERVICE