1  **PHILIP A. DeMASSA # 47667**
   **PHILIP A. DeMASSA, APC**
2  **SUITE 201**
   **2356 MOORE STREET**
3  **San Diego, CA 92110**
   **Telephone:    (619) 294-2777**
4  **Facsimile:    (619) 294-2120**
   **pad_jefe@msn.com**
5  **Attorney for Defendant**
   **VICENTE MANUEL AGUIRRE**
6

7                    **UNITED STATES DISTRICT COURT**

8                    **SOUTHERN DISTRICT OF CALIFORNIA**

9
   UNITED STATES OF AMERICA,        )   CASE NO. 08CR2428 JAH
10                                  )
               Plaintiff,           )
11                                  )   NOTICE OF MOTION AND MOTION
       v.                           )   TO SUPPRESS EVIDENCE
12                                  )
   VICENTE MANUEL AGUIRRE,          )
13                                  )
               Defendant.           )   DATE: August 25, 2008
14 _____)   TIME: 8:30 a.m.

15
      TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND CAROLINE P.
16
           HAN, HER AUTHORIZED REPRESENTATIVE:
17
      PLEASE TAKE NOTICE that on August 25, at 8:30 a.m., or as
18
   soon thereafter as counsel may be heard, Defendant VICENTE
19
   MANUEL AGUIRRE, by and through his counsel, Philip A. DeMassa,
20
   of Philip A. DeMassa APC, will move the Court to enter an Order
21
   suppressing evidence as set forth below in that Defendant was
22
   arrested and his vehicle seized without probable cause or
23
   warrant in violation of the Fourth Amendment and Federal Rules
24
   of Criminal Procedure 12(b) and 41(c) and (f).
25
           This motion will be based on the instant notice of
26
   motion and motion, the attached statement of facts, the
27
   memorandum of points and authorities, any and all evidence
28
                          MOTION TO SUPPRESS- 1

1  produced at an evidentiary hearing, and any supplemental written
2  or oral arguments.  Defendant requests an evidentiary hearing as
3  to all issues.
4       Defendant seeks to suppress: the currency found in his
5  vehicle (approximately $274,000), all the items located in the
6  1999 Cadillac El Dorado including phones and documents, the
7  items seized from defendant's person, and any and all statements
8  obtained from defendant at any time, both pre and post arrest.

**I**

**STATEMENT OF FACTS**

11  [The following facts are mostly adduced from the
12  complaint and evidence provided by the Government to date.
13  Although one Government attorney said the stop of defendant's
14  vehicle going in the general direction of the United States-
15  Mexico border was based on a wiretap, the Government now refuses
16  to disclose whether a wiretap was involved in this case.
17  Rather, defendant was advised that if he wished to press this
18  point, he should file an applicable motion.  For this reason,
19  although not having done so for some time, defendant filed on
20  August 13, 2008 a motion for discovery including seeking
21  revelation of all wiretap-related evidence.  This motion
22  specifically *excludes* any motion to suppress based on wiretap
23  surveillance and related interceptions for the simple fact that
24  the Government has not admitted such-at this point in time.
25  When such evidence becomes available, a motion to traverse and
26  to suppress will be filed on this basis.]
27       On June 25, 2008 defendant's 1999 Cadillac El Dorado was
28

MOTION TO SUPPRESS- 2

stopped at 5:00 p.m. by a Customs Enforcement and Border Protection Officer in the Calexico area. After receiving a negative declaration from defendant, a canine allegedly alerted on the vehicle's quarter panel. Defendant and the vehicle were later searched and packages of currency were located concealed behind the backseat backrest. A total of $243,940 was seized. Defendant was taken to an interview room and during an interrogation made incriminatory statements admitting he had an idea he was either transporting money or weapons.

**II**

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.  <u>Defendant Was Detained Without Cause And All Evidence
    And Statements Derived Thereafter Must Be Suppressed.</u>

Based on the paucity of facts provided in discovery, defendant was detained and questioned without any reasonable cause or "reasonable suspicion". Unreasonable stops, detentions and searches are presumptively unreasonable under the Fourth Amendment subject to a few specifically established and well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 357 (1967).

The Fourth Amendment applies to "seizures that involve only a brief detention short of traditional arrest." Whenever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. A person has a right to be free from arbitrary interference by law officers. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). This situation occurred to this defendant.

The Supreme Court has made it clear that an "investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). The detaining officers must have a "a particularized and objective basis for suspecting the *particular* person stopped of criminal activity." *Id.* at 418. Good faith on the part of the officers is legally insufficient. *Henry v. United States*, 361 U.S. 98, 101 (1959).

1         Here, the officer had no facts to justify stopping and detaining defendant. It was early evening and defendant was driving his vehicle legally within the United States. There is not a scintilla of suspicious activity present in such a day-to-day common action. Under any rational, objective view, defendant was detained without reason. Any subjective view by the officers is totally irrelevant. *Stansbury v. California*, 511 U.S. 318, 323, 326.

        Defendants' case is similar to *Brown v. Texas*, 443 U.S. 47 (1979), where Chief Justice Burger found for a unanimous court an unlawful detention while considering even more egregious facts than are presented herein: two officers saw Brown and another walking in opposite directions in an alley whom the officers thought either had been together or were about to meet. The officer felt Brown "looked suspicious", had not been seen before, and was in an area with a "high incidence of drug traffic." Brown refused to identify himself, was frisked and arrested. Judge Burger found the detention occurred when Brown was *first* approached and required to identify himself. This was unlawful. Consistent with the cases cited above, Judge Burger rejected the state's claim the officers had a "reasonable, articulable suspicion that a crime had just been, was being, or was about to be committed." "[N]one of the circumstances preceding the officers' detention of appellant justified a reasonable suspicion that he was involved in criminal conduct." No facts were relied on by the officers to show suspicious activity; being in a neighborhood frequented by

MOTION TO SUPPRESS- 5

1  drug users "is not a basis for concluding that appellant himself
2  was engaged in criminal conduct.  In short, the appellant's
3  activity was no different from the activity of other pedestrians
4  in that neighborhood." *Id.*, 443 U.S. at 48-52. In the instant
5  case, no suspicious facts have been, or will be presented.  The
6  things the officers observed defendants doing are those commonly
7  associated with simply driving.

8  Evidence seized by police via an unconstitutional search
9  and/or seizure is inadmissible in criminal proceedings and must
10 be suppressed. *Mapp v. Ohio*, 367 U.S. 643 (1961); *Wong Sun v.*
11 *United States*, 371 U.S. 471 (1963).

12 B.    <u>All Statements And Evidence Must Be Suppressed As Being</u>
13       <u>Obtained In Violation Of The Illegal Stop And</u>
14       <u>Detention.</u>

15 *Miranda* warnings are triggered whenever  a person is
16 questioned by law enforcement officers after being taken in
17 custody "or otherwise deprived of his freedom in any significant
18 way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *Stansbury*,
19 *supra*, 511 U.S. at 322.  Defendant was deprived of his freedom
20 when he was accosted by the officer; hence, the officer was
21 under arrest triggering immediate *Miranda* warnings.

22 A *Miranda* violation accords a "bright line" legal
23 presumption of coercion requiring suppression of all unwarned
24 statements. *Oregon v. Elstad*, 470 U.S. 298, 306-07, n. 1, 317
25 (1985). Using an objective standard, defendant was being
26 detained. *Stansbury*, *supra*, 511 U.S. at 322, 324.

27 All statements defendants made thereafter, including
28

MOTION TO SUPPRESS- 6

the denials he was transporting currency in excess of $10,000, and the evidence which followed must be suppressed. *Dunaway v. New York*, 442 U.S. 200, 216-219 (1979).

Even if *Miranda* rights were given at some point, there can be no showing there was an effective and valid waiver. A "heavy burden rests on the government to demonstrate the defendant knowingly and intelligently waived his privilege against self-incrimination...." *Miranda*, *supra*, 384 U.S. at 475. Courts "must presume that a defendant did not waive his rights [and] the prosecution's burden is great." *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). The discovery provided by the government fails to either state or imply defendants ever waived their rights.

C.   The Warrantless Seizure And Search Of The Bags Was Illegal.

The officers had control of the situation and the vehicle. Defendant Aguirre was detained and not free to go. The Cadillac was immobilized as the officers had the keys and surrounded it. The officers were legally required to obtain a search warrant. There was no emergency or exigent circumstance justifying a search without a warrant. *United States v. Chadwick,* 433 U.S. 1, 15-16 (1977). All the evidence must be suppressed.

**CONCLUSION**

For the reasons set forth above, defendant asks for an evidentiary hearing and thereafter a Court order that the evidence mentioned previously in this motion be suppressed.

1
2
3  DATED: August 13, 2008                Respectfully submitted,
4
5                                         S/ Philip A. DeMassa
                                         PHILIP A. DeMASSA
6                                        Attorney for Defendant
                                         VICENTE MANUEL AGUIRRE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO SUPPRESS- 8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VICENTE MANUEL AGUIRRE, ) <br> ) <br> Defendant. ) | CASE NO. 08CR2428 JAH <br><br> CERTIFICATE OF SERVICE |

I HEREBY CERTIFY THAT:

I, PHILIP A. DeMASSA, am a citizen of the United States and am at least eighteen years of age. My business address is 2356 Moore Street, Suite 201, San Diego, CA 92110.

I am not a party to the above-entitled action. I have caused service of Notice of Motion and Motion for Discovery, Disclosure of Electronic Surveillance, etc. and Points and Authorities in Support of Motion for Electronic Surveillance, etc and attached Declaration of Philip A. DeMassa on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System which electronically notifies them:

1. Caroline P. Han, Esq
   Caroline.Han@usdoj.gov

I hereby certify that I have caused to be mailed the foregoing by the United States Postal Service, to the following non-ECF participant(s) in this case:

1. None

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2008

                                                       s/Philip A. DeMassa <br>
                                                      PHILIP A. DeMASSA

CERTIFICATE OF SERVICE