KAREN P. HEWITT
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-5220
Fax: (619) 235-2757
E-mail: caroline.han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>            Plaintiff,         )<br>                              )<br>     v.                       )<br>                              )<br>VICENTE MANUEL AGUIRRE,       )<br>                              )<br>            Defendant.        )<br>                              )<br>_____) | Criminal Case No. 08CR2428-JAH<br><br>**GOVERNMENT'S MOTION FOR<br>RECIPROCAL DISCOVERY:**<br><br><br><br><br><br>Date:  August 25, 2008<br>Time:  8:30 am<br>Court: The Hon. John A. Houston |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Motion for Reciprocal Discovery. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

/ /

/ /

/ /

/ /

/ /

/ /

Criminal Case No. 08CR2428-JAH

# I
# STATEMENT OF FACTS

On June 25, 2008 at approximately 5:00n pm, the defendant attempted to leave the United States and enter Mexico through Calexico West Port of Entry as the driver and sole visible occupant of a 1999 Cadillac El Dorado. When the defendant approached primary inspection, he asked, "What is the problem," and provided Customs and Border Protection (CBP) Inspector Osuna with his U.S. passport as identification. CBP Inspector Osuna asked the defendant three separate times while reviewing the defendant's identification documentation if the defendant was carrying more than $10,000 of U.S. Currency. The defendant replied that he had $400.00 in U.S. Currency. CBP Inspector Osuna also asked additional biographical questions of the defendant, and the defendant replied that the vehicle belonged to him, that he had seen his daughter at a hospital in Indio, and was en route to Mexicali to visit his relatives. A narcotics detector dog also alerted to the rear of the vehicle during primary inspection.

Thereafter, the defendant's vehicle was referred for secondary inspection. In secondary inspection, the defendant was patted down. In addition, he again gave a negative customs declaration, stated that the car belonged to him and that he was going to Mexicali to visit relatives. In addition, during secondary inspection, a narcotics detector dog alerted to the rear seat of the vehicle. Thereafter, CBP Officer Jones pulled the rear seat back and discovered a non-factory compartment behind the back seat. Ultimately, officers found 23 packages containing United States Currency in the amount of approximately $273,940. The packages were found in the backseat backrest. Thereafter, the defendant was placed under arrest.

The defendant was advised of his Miranda rights at approximately 9:32 pm. The defendant stated that he understood his rights, and agreed to waive those rights. The defendant stated that he had met a man named Jose Angel Garcia in a bar who over time, had convinced him to drive a vehicle from the United States into Mexico on his behalf. The defendant added that the man had given him money to purchase a vehicle, and that the defendant had registered the vehicle himself. He had been instructed to drive the vehicle into Mexicali. The defendant stated that he imagined that was transporting money or weapons, and that he was to be paid $500.00 for driving the vehicle

south. He further stated that he was not sure, and believed that the money could be from drug trafficking. He further stated that he knew the U.S. Currency reporting requirements when transporting money across the border. He added that the day before, Jose Garcia had picked up his vehicle, and that the defendant was to drive the car on the day he was apprehended from Indio to Mexicali.

## II

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

### (1) All Evidence That The Defendant Intend To Introduce In Their Cases-In-Chief

Since the Government will honor the defendant's requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that the defendant, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intend to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of the defendant, which they intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom the defendant intend to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### (2) Reciprocal Jencks – Statements By Defense Witnesses (Other Than The Defendant)

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by the defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that the defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should

include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## III
## **CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny the defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: August 18, 2008

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney

/s/ *Caroline P. Han*
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

4      Criminal Case No. 08CR2428-JAH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>VICENTE MANUEL AGUIRRE,<br>　　　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 08CR2428-JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

　　I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

　　Phillip DeMassa
　　*Attorney for the defendant*

　　I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

　　None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

　　I declare under penalty of perjury that the foregoing is true and correct.

　　Executed on August 18, 2008.

　　　　　　　　　　　　　　　　　　/s/ *Caroline P. Han*
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　CAROLINE P. HAN