```
1  PHILIP A. DeMASSA # 47667
   PHILIP A. DeMASSA, APC
2  SUITE 201
   2356 MOORE STREET
3  San Diego, CA 92110
   Telephone:   (619) 294-2777
4  Facsimile:   (619) 294-2120
   pad_jefe@msn.com
5  Attorney for Defendant
   VICENTE MANUEL AGUIRRE
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR2428 JAH |
| Plaintiff, | |
| v. | REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS |
| VICENTE MANUEL AGUIRRE, | |
| Defendant. | DATE: August 25, 2008<br>TIME: 8:30 a.m. |

Defendant submits the following Reply to the Government's Response and Opposition to Defendant's various motions ("Opposition").

**I**

**MOTION FOR SEARCH AND**

**DISCLOSURE OF ELECTRONIC SURVEILLANCE**

The Government's Opposition argues Defendant's motion for disclosure of electronic surveillance should be denied because he failed to establish standing since he hasn't shown he was intercepted or have a legitimate expectation of privacy where the interception took place. The Government makes this argument despite the admission of another Assistant U.S. Attorney that

REPLY

1  Defendant was in fact intercepted and that was the reason why he
2  and his vehicle were intercepted and the vehicle searched.
3  Although faced with a declaration directly quoting AUSA James
4  Melendres that Defendant was intercepted and this was the reason
5  his vehicle was stopped and searched, the Government's present
6  lawyer simply ignores her co-counsel's admission. Moreover, the
7  Government makes no attempt to submit a declaration from AUSA
8  Melendres explaining whether 1) he made the statements, or, 2)
9  if he made the statements, what was the context under which they
10 were made, or, 3) which sources he relied upon when making the
11 statements, or 4) why he was wrongly quoted, or 5) how he
12 misunderstood what he was told.
13   The Government is silent on this matter other than the
14 present Government attorney's disavowal she was not the source
15 of the information. That goes without saying. Although it may
16 be Defendant's burden to establish he was the subject of
17 unlawful surveillance, it would seem that his burden is
18 substantially lighter when a government prosecutor, in a
19 position to know, admits the wiretap and the Defendant's
20 involvement in it resulting in the stop and seizure. Such an
21 admission is more than sufficient to establish standing, as
22 opposed to a Defendant's declaration of what he believes may
23 have occurred. A Government attorney is more in the know when
24 wiretapping occurred than a Defendant would be, who
25 understandably is not clued in while his communications are
26 being intercepted. Government attorneys should be considered
27 more reliable than other sources of information. Further, given
28

1  the sophisticated means of modern interceptions, interceptees
2  are more unobtrusively monitored than previously. The
3  Government has established Defendant is an "aggrieved party."
4     A party claiming to be the victim of illegal electronic
5  surveillance must first demonstrate that his interests were
6  affected before the Government's obligation to affirm or deny is
7  triggered. This "standing" requirement is met if a definite
8  "claim" is made by an "aggrieved party" defined as "a party to
9  any intercepted wire, oral, or electronic communication or a
10 person against whom the interception is directed." Title 18
11 U.S.C. § 2518(10(a).
12    A "cognizable `claim' need be no more than a `mere
13 assertion,' provided that it is a positive statement that
14 illegal surveillance has taken place." *United States v. Apple*,
15 915 F.2d 899, 905 (4th Cir. 1990).
16    Once the defendant makes such a showing, the Government must
17 "affirm or deny" the occurrence of the alleged unlawful act. 18
18 U.S.C. § 3504(a)(1).
19    Defendant has filed with this Reply his Declaration his
20 possession and use of two cell phones. When he was arrested,
21 Mr. Aguirre was in possession of one cell phone with a "push-to-
22 talk" function. Aguirre Declaration, ¶ 4. Since the presently
23 provided discovery does not even reflect the seizure of any
24 phone, Mr. Aguirre is unable to further identify it. *Id*.
25 However, Mr. Aguirre noted prior to his arrest that he
26 experienced difficulties in using these phones, including the
27 quality of the communications had deteriorated: "the calls would
28

become scratchy and irregular with the volume going up and down. Some of the calls were cut off without explanation." *Id.*[1]

Mr. Aguirre's Declaration is sufficiently concrete and specific to make a *prima facie* showing that on the occasions described someone was interfering with his telephone calls and the Government was involved. *United States v. Alter, 482 F.2d 1016, 1027 (9th Cir. 1973).* Defendant's proof is even more compelling when considered along with the Government prosecutor's admission that a wiretap led to Defendant's stop and search.

The Government must unequivocally affirm or affirm or deny the use of electronic surveillance. *United States v. Wylie, 625 F.2d 1371, 1375-76 (9th Cir. 1980).* In *Wylie*, after the Government made a general denial defendant countered with a more detailed affidavit. This was sufficient for the court to order the Government to make a more specific search and disclosure. *Id.* Defendant Aguirre has gone beyond such a *prima facie* showing and cited the Government itself as proof of the unauthorized wiretap.

The Court should further be mindful that the wiretap in question may not be a federal but a state wiretap. If such is the case, the rules on standing are totally different. Under California Penal Code § 629.72, "Any person in any ... proceeding, may move to suppress some or all of the contents of

---

[1] Mr. Aguirre has submitted two Declarations; one is in English, the other in Spanish. The Spanish version is in Mr. Aguirre's native language and the English is an accurate translation.

REPLY                                    - 4 -

1 any intercepted wire, electronic digital pager, or electronic
2 cellular telephone communications, or evidence derived
3 therefrom, only on the basis that the contents or evidence were
4 obtained in violation of the Fourth Amendment ... or of this
5 chapter."[2]  "Any person" under California law is a broader
6 definition than "an aggrieved person."

7     The federal Title III wiretap law established minimum
8 standards for the admissibility of evidence obtained through
9 electronic surveillance; state law cannot be less protective of
10 privacy than the federal act. *People v. Otto, 2 Cal.4th 1088,*
11 *1098, 831 P.2d 1178 (1992).* Since the federal act established
12 minimum standards California was free to enact, and did, a more
13 expansive rule on standing to protect the right to privacy in
14 the state. Penal Code § 629.72, enacted in 1995, was passed by
15 an overwhelming Senate vote of 92%, 28 to 2, and an overwhelming
16 Assembly vote of 77.5%, 62 to 5.[3]

17     The Government in this case may be viewing a state wiretap
18 conducted via a state wiretap law through a restrictive federal
19 standing analysis. Under either analysis, however, Defendant
20 has established his right to have the Government admit the
21 unlawful wiretap so that the Court can order disclosure and
22 discovery.

---

[2] "[T]his chapter" is Chapter 1.4 of the California Penal Code, which consists of §§ 629.50 et seq.

[3] Statutes 1995, chapter 971, section 10, page 5732; California Legislature, 1995-1996 Regular Session, Senate Final History, page 703.

REPLY     - 5 -

**II**

**THE MOTIONS TO SUPPRESS**

A. <u>Motion to Suppress Statements</u>.

The Government opposes Defendant's motion to suppress because he did not provide a declaration. Attached to this Reply is the requisite declaration adducing facts sufficient to establish his right to an evidentiary hearing on several grounds.[4]

First, Defendant was effectively arrested when he was stopped and he was not free to go, as his declaration states. This was not an investigatory or border stop but one based on the illegal wiretap. Statements obtained from a defendant after an illegal arrest are suppressed under the Fourth Amendment without regard to satisfying any "threshold" Fifth Amendment condition. Statements were obtained from the beginning from a person in custody. *Dunaway v. New York*, 442 U.S. 200, 216-219, 99 S.Ct. 2248, 2256-58 (1979).

Second, Defendant's statements were obtained in violation of *Miranda* as set forth in his declaration, including the statements made to the officers four hours later when he was told, prior to the video interview, that things would go better for him if he spoke to them. Mr. Aguirre was then taken into the room where he was interviewed; he did so after being told off camera that it would go better for him to be interviewed. On camera Mr. Aguirre stated, "As you wish." Aguirre Declaration, ¶ 3. This is a clear reference to what he was

---

[4] The Aguirre Declaration appears smaller than in the original as it has undergone several facsimile transmissions.

REPLY                                          - 6 -

1  instructed to do off camera.  The entirety of Defendant's
2  statements must be suppressed.
3  B. <u>Motion to Suppress Vehicle Stop</u>.
4     Defendant was stopped and arrested on the road.  There is to
5  date no evidence he was at the border when detained.  The reason
6  for the detention was the unlawful interceptions which caused
7  him to be detained.  After discovery is complete with the
8  provision of the wiretap information the evidence must be
9  suppressed.
10
11 DATED: September 6, 2008            Respectfully submitted,
12
13                                      S/ Philip A. DeMassa
                                       PHILIP A. DeMASSA
14                                     Attorney for Defendant
                                       VICENTE MANUEL AGUIRRE
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY                                                      - 7 -

Sep 02 08 01:12p      Philip De Massa        (619) 294-2120         p.2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2428 JAH |
| Plaintiff, | ) | |
| v. | ) | DECLARATION OF VICENTE MANUEL AGUIRRE |
| VICENTE MANUEL AGUIRRE, | ) | |
| Defendant. | ) | |

I HEREBY DECLARE:

1. I am the defendant in this case and make this declaration under the protections of *Simmons v. United States*, (1968) 390 U.S. 377, 88 S.Ct. 967.

2. I was stopped by a federal officer in Calexico as I was driving my vehicle at 5:00 p.m. on June 25, 2008. The officer asked for my identification, told me to get out of my car and said he was going to search my car. The officer prevented me from driving or retaining control of my car as I was immediately taken out of my car, told to turn around to face the car and put both hands on the car roof. I was then patted down by the officer and immediately escorted away. The officer immediately took control of my car without searching it first. I was immediately told to go to another area and put in a room separate from other people. I was in that room for a long period of time and was not told anything. I was

DECLARATION OF VICENTE MANUEL AGUIRRE

unable to make a telephone call or leave. After about an hour I was taken from one room and placed into a locked room. I was not given anything to drink or eat.

3. Four hours later, just before 9:00 p.m., a federal officer, who I believe to be officer A. Zenteno, came into the closed room and told me they were going to interview me. Zenteno told me it would be better for me if I spoke to them and told them the truth. Zenteno did not advise me of my *Miranda* rights not to speak without an attorney being present, that anything I said could be used against me, and that I had a right to remain silent. Zenteno told me they were going to talk to me in another room and it would be better for me to speak to them. A few minutes later I was brought into another room and interviewed. About eighteen minutes into the interview the agents asked me if I wanted to talk. I said "as you wish." I was then asked to sign a form.

4. I have learned that in the reports provided by the Government to my attorney there is no report that when I was arrested I possessed any telephone or cellular phone. At the time of my stop and arrest on June 25 I had either on my person or on the seat of my car a cell phone with a "push-to-talk" function. Because I have not been given any reports by the Government showing the seizure of the phone I cannot further describe it by make, model, serial number or cell number. Before my

DECLARATION OF VICENTE MANUEL AGUIRRE    -2-



```
Sep 02 08 01:12p    Philip De Massa         (619) 294-2120         p.4
```

1  arrest I used that phone that day and a cell phone which
2  I also used on numerous occasions and days. When using
3  these phones I noticed that the calls would become
4  scratchy and irregular with the volume going up and
5  down. Some of the calls were cut off without
6  explanation.
7      I declare under penalty of perjury under the laws of the
8  State of California that the foregoing is true and correct.
9
10  Executed on September 3, 2008
11
12                                       _____
                                          VICENTE MANUEL AGUIRRE
13
...
28
            DECLARATION OF VICENTE MANUEL AGUIRRE      -3-

```
Sep 02 08 06:30p    VICENTE & AIDA AGUIRRE    760-342-2065     p.3
```

Sep 02 08 01:12p    Philip De Massa    (619) 294-2120    p.5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR2428 JAH |
| Plaintiff, ) | |
| v. ) | DECLARACION DE VICENTE MANUEL AGUIRRE |
| VICENTE MANUEL AGUIRRE ) | |
| Defendant. ) | |

POR ESTE MEDIO DECLARO:

1. Yo soy el acusado en este caso y hago esta declaración bajo la protección de *Simmons v. United States*, (1968) 390 U.S. 377, 88 S. Ct. 967.

2. El 25 de Junio del 2008 a las 5:00 p.m. me paró un funcionario federal en Caléxico mientras yo manejaba mi vehículo. El funcionario me pidió mi identificación y me dijo que me bajara del carro y dijo que iba a revisar el vehículo. El funcionario previno de que yo manejara o que mantuviera control de mi carro ya que inmediatamente me bajó del carro y me pidió que me volteara hacia el carro, viendo de frente el carro y que colocara mis dos manos arriba del techo del carro. Después me revisó físicamente el funcionario y me escoltó a otro lugar. El funcionario inmediatamente tomó control de mi carro sin antes haberlo revisado. Me pidieron que me quedara en un área y fuí llevado a un cuarto separado del resto de la gente. Estuve en ese cuarto por un largo periodo de tiempo y nunca se me dijo algo al respecto. No tuve la oportunidad de hacer una llamada telefónica o de irme. Después de una hora fui llevado de un cuarto a otro cuarto bajo llave. No se me dió nada de comer o de beber.

3. Cuatro horas después, antes de las 9:00 p.m., un funcionario federal, que creo yo que era el funcionario A. Zenteno entró al cuarto bajo llave y me dijo que yo iba a ser

1

Sep 02 08 06:30p    VICENTE & AIDA AGUIRRE    760-342-2065    p.4

Sep 02 08 01:13p    Philip De Massa         (619) 294-2120           p.6

1. entrevistado. Zenteno me dijo que era mejor para mí que yo hablara con ellos y que hablara con la verdad. Zenteno no me advirtió de mis derechos de *Miranda* de no hablar sin que mi abogado estuviera presente, que todo lo que dijera podría ser usado en mi contra, y que tenía el derecho de permanecer callado. Zenteno me dijo que iban a hablar conmigo en otro cuarto y que era mejor para mí que yo hablara con ellos. Unos minutos después fui llevado a otro cuarto y me entrevistaron. Como a los dieciocho minutos de ser entrevistado los funcionarios me preguntaron que si quería hablar. Y yo contesté "como ustedes deseen." Después me pidieron que firmara una forma.

4. He aprendido que en los reportes que el Gobierno ha proveído a mi abogado, no hay ningún reporte que indique que cuando me arrestaron yo tenía en posesión algún teléfono o teléfono celular. En el momento que fui parado y arrestado, el 25 de Junio yo tenía conmigo o en el asiento del carro un teléfono celular con la función de "radio." Como no se me ha dado algún reporte de parte del Gobeirno señalando que se confiscó mi teléfono no puedo describir el modelo, número serial, o el número telefónico. Ese día antes de mi arresto yo usé ese teléfono y otro teléfono celular que también usé en varias ocasiones y días. Cuando usaba estos teléfonos me di cuenta que las llamadas se escuchaban ruidosas e irregulares con el volumen, el volumen cambiaba de alto a bajo. Algunas de las llamadas se cortaban sin explicación.

Yo declaro bajo la penalidad de juramento bajo las leyes del Estado de California que lo dicho es cierto y correcto.

Ejecutado el 3 de Septiembre del 2008

*Vicente M. Aguirre*
Vicente Manuel Aguirre

2

p.5         VICENTE & AIDA AGUIRRE    760-342-2065     Sep 02 08 06:31p

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2428 JAH |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| VICENTE MANUEL AGUIRRE, | ) | |
| | ) | |
| Defendant. | ) | |

I HEREBY CERTIFY THAT:

I, PHILIP A. DeMASSA, am a citizen of the United States and am at least eighteen years of age. My business address is 2356 Moore Street, Suite 201, San Diego, CA 92110.

I am not a party to the above-entitled action. I have caused service of the Reply and attached Declaration of Vicente Manuel Aguirre on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System which electronically notifies them:

1.   Caroline P. Han, Esq
     Caroline.Han@usdoj.gov

I hereby certify that I have caused to be mailed the foregoing by the United States Postal Service, to the following non-ECF participant(s) in this case:

1.   None

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 6, 2008

                                          s/Philip A. DeMassa
                                          PHILIP A. DeMASSA

CERTIFICATE OF SERVICE